**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MELVIN RAY**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 2:26-cv-00086-BL-JTA** |
| **COMMISSIONER JOHN HAMM**, *et al.*, | ) | |
| *in their individual and official* | ) | |
| *capacities*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFFS' NOTICE AND MOTION TO SHOW CAUSE

Plaintiffs hereby provide notice to the Court that Defendants continue to hold Plaintiff

Ricardo "Raoul" Poole in solitary confinement in L-Block at Kilby, even though the time in

segregation imposed against Raoul as a sanction for the disciplinaries he received after his transfer

to Kilby ended on March 15, 2025.[1] Plaintiffs therefore request that this Court order Defendants

to immediately release Raoul from L-Block into a general-population dorm or, in the alternative,

order Defendants to show cause why this Court should not order Defendants to do so. In support,

Plaintiffs state as follows.

### RELEVANT BACKGROUND

On January 14, 2026, Plaintiff Ricardo "Raoul" Poole was transferred from a general-

population dorm in Bullock Correctional Facility to a single-person cell in L-Block, a highly

restrictive and uniquely isolated segregation unit at Kilby Correctional Facility. *See* Compl.,

---

[1]    Plaintiffs continue to contend that the rule violations Raouls was charged with and found guilty of after he had been transferred to Kilby's L-Block were pretextual, provided no justification for holding him in solitary confinement, and further revealed Defendants' retaliatory intent. Plaintiffs nevertheless acknowledge that, faced with the limited record before it in ruling on Plaintiffs' Motion for a Temporary Restraining Order, this Court concluded otherwise.

Doc. 1, ¶¶ 79–82.[2] At Bullock, after Raoul had packed his belongings and was waiting to be taken for transfer, a cell phone was discovered near his belongings. *See* Poole Decl., Doc. 22-1, ¶¶ 1–2. Before leaving Bullock, Raoul was served with a disciplinary report charging him with violating ADOC Rule 528, unauthorized possession of a phone or accessory (the "Cell Phone Disciplinary"). *Id.* ¶ 3; Disciplinary Report BCF-26-00055-1, Doc. 21-5. On January 28, 2026, a hearing officer found him guilty of the Cell Phone Disciplinary and recommended various sanctions, including "Disciplinary Seg for 30 days." *Id.* at 3.[3] Defendant Clemons approved the hearing officer's recommendations the same day. *Id.*

On January 27, 2026, while in L-Block, Raoul was served with two more disciplinary reports, both of which were based on a video recorded nearly six years earlier at Donaldson Correctional Facility. Doc. 22-1 ¶¶ 5–6. The disciplinary reports charged: (1) Unauthorized Participation in Social Networking (Report BCF-26-00092-1) (the "Social Networking Disciplinary"); and (2) Threat (Report BCF-26-00092-2) (the "Threat Disciplinary"). *See id.* ¶ 5; *id.* at 5, 8. On February 3, 2026, a hearing officer found Raoul guilty of both disciplinaries and recommended various sanctions. *See id.* at 6, 9. The hearing officer recommended 30 days in disciplinary segregation for the Social Networking Disciplinary, *id.* at 6, and 45 days in disciplinary segregation for the Threat Disciplinary, *id.* at 9. Defendant Clemons approved both disciplinary recommendations the same day, *id.* at 6–7, 9–10, but he removed the recommended sanction of 45 days in disciplinary segregation for the Threat Disciplinary, *id.* at 9–10 (noting on

---

[2]     Plaintiffs mistakenly stated in their Complaint that Raoul was transferred to Kilby on January 13, 2026. *See* Compl., Doc. 1, ¶ 79. Raoul's inmate movement history shows—and Plaintiffs do not dispute—that he was in fact transferred there on January 14, 2026. *See* Poole Inmate Movement History, Doc. 17-3, at 38.

[3]     Citations to individual pages refer to the page numbers assigned by the Court's CM/ECF electronic document system.

Line 21 that the "Warden's Action" by Clemons was: "Approved with following Sanction Changes; [sic] Disciplinary Seg changed to 0 days").

In all, Raoul was sanctioned with two 30-day terms of disciplinary segregation for the disciplinaries he received after he was transferred to Kilby's L-Block: one 30-day term for the Cell Phone Disciplinary and one 30-day term for the Social Networking Disciplinary.

The Alabama Department of Corrections' ("ADOC") Administrative Regulation 403 ("AR 403") "establishes the responsibilities, policies, and procedures for inmate rule violations." Council Decl., Doc. 22-2, at 10; *see generally id.* at 10–46 (AR 403, eff. Sept. 5, 2025). According to AR 403, if disciplinary segregation (or "Restrictive Housing") is imposed as an "approved sanction [for a rule violation], the Restrictive Housing time will include any time already served in restrictive housing, regardless of status." *Id.* at 21 (AR 403 § V.C.2.b.). All "approved sanction(s)" begin when the inmate is served with the final copy of the disciplinary, "unless there were sanctions already pending," in which case "sanctions shall run consecutively." *Id.*

Applying these directives to Raoul's circumstances means that his disciplinary-segregation sanctions ended on March 15, 2026, and he should have been released to a general-population dorm then. On January 28, 2026, Raoul was sanctioned with 30 days in disciplinary segregation for the Cell Phone Disciplinary. When that sanction was imposed, he had "already served" 14 days "in restrictive housing," *id.*, because he was placed in L-Block on January 14, 2026, on—according to his inmate movement history—"preventative" status, Doc. 17-3 at 38.[4] He therefore finished

---

[4]    In their briefing and during the hearing on Plaintiffs' Motion for a Temporary Restraining Order, Defendants also argued that all Plaintiffs were transferred to and held in Kilby's L-Block as Defendants *investigated* Plaintiffs' involvement in planning a work stoppage. It is thus unclear whether Defendants sought to justify Raoul's original transfer to solitary confinement in Kilby as "investigative" or "preventative" in nature. Regardless, AR 403 makes clear that Raoul is entitled to credit for *all* the time he served in segregation there, "regardless of [the] status" Defendants have chosen in an attempt to justify his solitary confinement. Doc. 22-2 at 10.

serving the 30-day term of disciplinary-segregation for the Cell Phone Disciplinary on February 13, 2026. At that point, he began serving the 30-day-term of disciplinary segregation imposed for the Social Networking Disciplinary. *See id.* ("[S]anctions shall run consecutively" if one sanction is imposed when "there were sanctions already pending."). That 30-day term of disciplinary-segregation ended on March 15, 2026. Raoul should have been released to general population then.

Defendants have repeatedly represented to this Court that Raoul's ongoing confinement in Kilby's L-Block is because of disciplinary-segregation sanctions he received after being transferred there.[5] As set forth above, any confinement justified by those sanctions ended on March 15, 2026. Defendants nevertheless continue to hold Raoul in the highly restrictive and uniquely isolating conditions of solitary confinement in Kilby's L-Block. Doing so undermines their disavowals of retaliation and violates Raoul's constitutional rights.

Plaintiffs therefore rsequest that this Court order Defendants to immediately release Raoul from L-Block into a general-population dorm or, in the alternative, order Defendants to show cause why this Court should not order Defendants to do so.

Respectfully submitted this 18th day of March 2026.

        /s/ Tiffany Johnson-Cole
Tiffany Johnson-Cole
Law Firm of Robert Simms Thompson, PC
P.O. Box 830780
Tuskegee, AL 36083-0780
334-727-6463
tnjohnsoncole@gmail.com

---

[5]    *See, e.g.*, Defs.' Resp. Opp. Pls.' Mot., Doc. 17, at 5 ("Poole is currently still in L-Block because of a 30-day disciplinary segregation sanction he received . . . ."); *id.* at 11 ("Poole . . . remain[s] in RHU at Kilby because of new disciplinary actions for [his] current behavior . . . ."); *id.* at 13 (same); Defendant Harris Aff., Doc. 17-4, ¶ 9 ("Poole is currently still in L[-]Block because of 30-day disciplinary sanction [sic] he received for violation [sic] of AR 403 Rule Violation 528-Unauthorized Possession of Phone(s)/Accessory(s)."); *see also generally* Sexton Suppl. Aff. & Exs. 1, 3, & 4, Docs. 21, 21-1, 21-3, 21-4.

/s/ Susanne Cordner
Susanne Cordner
McGuire & Associates, LLC
31 Clayton St
Montgomery, AL 36104-4015
334-517-1000
scordner@mandabusinesslaw.com

/s/ David Gespass
David Gespass
Gespass & Johnson
40 Echo Lane
Fairhope, AL 36532
205-566-2530
pass.gandjlaw@gmail.com

/s/ Andrew Menefee
Andrew Menefee
Menefee Law
P.O. Box 6134
Montgomery, AL 36106-0134
amenefee@menefee-law.com

/s/ Richard Rice
Richard Rice
The Rice Firm, LLC
P.O. Box 453
Birmingham, AL 35201-0453
205-618-8733
rrice@rice-lawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

/s/ *Susanne Cordner*
Susanne Cordner

5